UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIGI FAIRCHILD-LITTLEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>VALERIE ATTINELLO, et al.,<br><br>Defendants. | 1:19-cv-01579-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO ADD EXHIBITS PIECEMEAL TO COMPLAINT**<br>**(ECF No. 7.)**<br><br>**ORDER INFORMING PLAINTIFF SHE HAS LEAVE TO AMEND THE COMPLAINT ONCE AS A MATTER OF COURSE AT THIS STAGE OF THE PROCEEDINGS**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT NOT EXCEEDING 26 PAGES**<br><br>**ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF** |

**I.  BACKGROUND**

Gigi Fairchild-Littlefield ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On November 5, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On November 25, 2019, Plaintiff filed a request for the court to accept five exhibits as part of the Complaint. (ECF No. 7.)

1

## II. MOTION TO AMEND – FED. R. CIV. P. 15(a)

Plaintiff has submitted five exhibits to the court, separate from the Complaint, with a request for the court to accept the exhibits as part of the Complaint. Plaintiff may not add supporting exhibits in this manner. Under Rule 220, Plaintiff may not amend the Complaint by adding exhibits submitted separately from the Complaint.[1] To add information, or make a correction to the Complaint, Plaintiff must file an amended complaint which is complete in itself without reference to prior complaints. To add her five exhibits Plaintiff must file a First Amended Complaint, complete in itself, with the five exhibits attached.

Plaintiff explains that she submitted the exhibits separately from the Complaint because they were not made available to her until November 21, 2019, and could not have been included in the initial e-filing because the Complaint would have exceeded the twenty-five page limit allowed for the Complaint. Plaintiff states that the five exhibits she submitted are "essential to understanding" her claim. (ECF No. 7 at 1:14.)

Plaintiff may file an amended complaint at this stage of the proceedings without leave of court. Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, because Plaintiff has not previously amended the Complaint and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course. Plaintiff shall be granted thirty days in which to file a First Amended Complaint not exceeding 26 pages, including the form complaint and any exhibits. Plaintiff's original Complaint with its exhibits is twenty-

---

[1] Local Rule 220 provides, in part:

Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

2

one pages long, and Plaintiff wishes to add five pages of exhibits. Thus, twenty-six pages is sufficient for Plaintiff to set forth her allegations and exhibits in support of her claims. The First Amended Complaint is not required to be identical to the original Complaint, but it should be materially the same and should not include new unrelated claims. Plaintiff may not change the nature of this suit by adding unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff must demonstrate in her amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 36 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff should note that although she has the opportunity to amend, it is not for the purpose of adding allegations of events occurring after November 5, 2019, the date the initial Complaint was filed.

The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to add exhibits to the Complaint, filed on November 25, 2019, is RESOLVED;

///

3

2. Plaintiff is granted thirty (30) days from the date of service of this order in which to file a First Amended Complaint as instructed by this order, not exceeding 26 pages including the form complaint and any exhibits;

3. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:19-cv-01579-GSA-PC, and be an original signed under penalty of perjury;

4. The Clerk of Court shall send one § 1983 civil rights complaint form to Plaintiff; and

5. If Plaintiff fails to file a First Amended Complaint within thirty days, the court shall proceed with Plaintiff's original Complaint.

IT IS SO ORDERED.

Dated: **December 2, 2019**     **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE