| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| GIGI FAIRCHILD-LITTLEFIELD,<br><br>    Plaintiff,<br><br>vs.<br><br>ATTINELLO, et al.,<br><br>    Defendants. | No. 1:19-cv-01579-JLT-GSA-PC<br><br>ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART THE FINDINGS AND RECOMMENDATIONS SCREENING PLAINTIFF'S CLAIMS<br><br>(Doc. No. 18.) |

    Gigi Fairchild-Littlefield is a state prisoner proceeding *pro se* with this civil rights action under 42 U.S.C. § 1983. She filed this action on November 5, 2019, alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment and that she was retaliated against in violation of the First Amendment after engaging in protected speech related to her medical needs. (Doc. 1.) Plaintiff amended her complaint twice; the Second Amended Complaint ("SAC"), (Doc. 17), was referred to a United States Magistrate Judge for screening pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On October 25, 2021, the assigned magistrate judge issued findings and recommendations that this case be dismissed, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983. (Doc. 18.) On November 4, 2021, Plaintiff filed objections to the findings and recommendations. (Doc. 20.) In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a *de novo* review of this case.

1

Having carefully reviewed the entire file, the court adopts the findings in recommendations in part and declines to adopt them in part.

Plaintiff brings this suit against a long list of defendants, including medical professionals and staff at Central California Women's Facility ("CCWF") in Chowchilla, California, as well as the Reasonable Accommodation Panel convened to determine whether Plaintiff needed a wheelchair (collectively, "Defendants"). Plaintiff alleges that she fell and fractured her tibia in December 2018, after which Defendants denied her proper accommodations and treatment and retaliated against her when she raised concerns about her medical care. Specifically, Plaintiff alleges that Defendants denied Plaintiff a wheelchair and instead gave her inadequate accommodations such as crutches, with which Plaintiff could not navigate long distances within CCWF[1], and a walker, which Plaintiff could not use safely due to the nature of her injury. As a result, Plaintiff incurred an additional injury to her meniscus from the strain of continuing to put weight on her injured leg.

**A.     Deliberate Indifference to a Serious Medical Need**

To state an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id*. (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)) (citation and internal quotations marks omitted), *overruled on other grounds by WMX Tech. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*). The magistrate judge properly found that Plaintiff has shown a serious medical need because she suffered an injury to her knee that caused disruptive pain over more than six months' time.

Plaintiff has not demonstrated that all Defendants were deliberately indifferent to this serious medical need. The magistrate judge properly recommended that the following defendants

---

[1] Plaintiff notes that the "half mile round trip to the refectory" would be the shortest trip of all the places she needed to walk within CCWF. (Doc. 17 at 13.)

2

accused of deliberate indifference be dismissed: Defendant California Department of Corrections and Rehabilitation and Defendant Central California Women's Facility, because they are entitled to Eleventh Amendment immunity; and Defendants B. Brown and Warden Espinoza, on the grounds that they did not personally act against Plaintiff.  The Court also agrees with the magistrate judge that Doe Defendants, Defendants Alamo and Dr. Khoo, and the Reasonable Accommodation Panel Defendants[2] should be dismissed.  (Doc. 18 at 11–12.)  Plaintiff has not sufficiently alleged that these Defendants were aware of the harm that existed when Plaintiff was forced to put weight on her injured knee.  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (prison officials cannot act with deliberate indifference unless they know there is a substantial risk of harm.)[3]

With respect to Nurse Practitioner Attinello, Plaintiff sufficiently alleges deliberate indifference.  Shortly following her injury, Plaintiff tried to use crutches to alleviate her discomfort.  When that accommodation proved difficult, Plaintiff saw Attinello and received a knee brace instead.  (Doc. 17 at 8.)  The knee brace put pressure on Plaintiff's injury and exacerbated the pain.  Plaintiff used the knee brace for five days before seeking an emergency x-ray as the pain increased.  The x-ray showed a fracture at the top of Plaintiff's tibia.  Dr. Khoo treated Plaintiff following the emergency x-ray and provided Plaintiff with a wheelchair for a two-week period.  Plaintiff's SAC states that when Attinello learned of this emergency appointment, Attinello confiscated the wheelchair because Plaintiff had "gone around [Attinello]" by receiving treatment from someone else.  (Doc. 17 at 2, 9.)  Attinello provided plaintiff with a walker, which required Plaintiff to put weight on her injured knee if she used the walker correctly. Because this caused Plaintiff additional pain, she used the walker by sitting on its seat and using her healthy leg to propel her backwards while looking over her shoulder to steer. Plaintiff alleges that this was quite dangerous, as the walker would flip over if it hit even a small obstruction when being operated this way.  (Doc. 20 at 14.)  Plaintiff submitted several

---

[2]  The Defendants included in the Panel were Defendants ADA Coordinator Zawolkow, Dr. Singh, Appeals Coordinator Thissen, AGPA Healthcare T. Cardoso, Healthcare Grievance Officer A. Hernandez, and Defendant Youman.

[3] Finding these grounds sufficient, the Court need not address the magistrate judge's alternative rationale for dismissal.

3

Reasonable Accommodation Requests and appeals to correct this issue, and she continued expressing concern to Attinello.[4]

On February 21, 2019, Plaintiff reports that she again saw Attinello and requested a wheelchair due to continuing and worsening pain. At the time of this appointment, Plaintiff alleges that Attinello was aware of Plaintiff's physical therapist's concern that there was unaddressed "meniscal involvement" in Plaintiff's injury. (Doc. 17 at 3, 13.) Attinello still refused to provide Plaintiff a wheelchair, declined to order an MRI, and cut Plaintiff's appointment short because Plaintiff said the word "hell" in the appointment. (*Id.*) On April 10, 2019, Plaintiff returned to see Attinello and again expressed worsening pain and the need for a wheelchair. (Doc. 17 at 13–14.) Attinello again refused Plaintiff a wheelchair. When Plaintiff appealed this refusal to the Prison Law Office, she was told that they could not take action because Plaintiff's primary care provider, Attinello, did not believe Plaintiff needed a wheelchair. (*Id.* at 4.) Plaintiff eventually underwent an MRI on May 21, 2021, after weeks of excruciating pain. The MRI showed a torn lateral meniscus from the extended stress that was being placed on Plaintiff's tibial fracture. (*Id.* at 12.)

In June 2019, Plaintiff incurred an additional injury when she was ordered to exit her cell by crawling backwards after officers threw chemical bombs into the cell to address an incident involving other inmates. (*Id.* at 16.) Plaintiff reported the new injury to Attinello and again expressed that she was in too much pain to walk or use the walker. (*Id.*) Attinello reviewed Plaintiff's MRI results and still refused to issue Plaintiff a wheelchair. (*Id.* at 16–17.) Plaintiff alleges that Attinello instead minimized Plaintiff's pain because Attinello "had patients that had cancer." (*Id.*)

Five days later, when Plaintiff could not walk at all, she submitted another appeal of

---

[4] Though the Reasonable Accommodation Panel met and denied Plaintiff's request for a wheelchair, seemingly validating Attinello's decision, Plaintiff alleges that the Panel's decision was based on false and incomplete information. Specifically, Panel records reflect a report from Defendant Alamo that he had seen Plaintiff use the walker in the dining hall without much trouble. Plaintiff alleges that she struggled to use the walker at all times, which would have been obvious to an observer, and that she cried to Alamo on at least one occasion about how much pain she was in using the walker. (Doc. 20 at 13.) Plaintiff is unsure why Alamo did not report this conversation to the Panel, but the SAC makes clear that Attinello was aware of Plaintiff's pain and concerns in a way that the Panel was not.

4

Attinello's refusal to provide a wheelchair.  This time, the Reasonable Accommodation Panel reviewed Plaintiff's MRI results and swiftly provided her with a wheelchair "due to danger of walker and medical conditions present in [the] MRI". (Doc. 17 at 5.)  The medical personnel who delivered Plaintiff her wheelchair confirmed that there were "literally hundreds" of wheelchairs in the storage area that could have been available to Plaintiff sooner.  (Doc. 20 at 4.)

The information presented to the second Reasonable Accommodation Panel had been previously presented to Attinello during previous medical visits, but Attinello did not appear to take Plaintiff's pain or the MRI results seriously.  The damage to Plaintiff's meniscus, caused by her use of the walker and putting continued weight on the tibial fracture, ultimately required surgery in January 2020.  Courts in this circuit have found allegations of this nature sufficient to state a claim.  For example, in *Shaw v. Thomas*, the plaintiff requested several treatments for his fractured thumb, which had become infected.  No. 17-cv-00462, 2017 WL 3035155 (C.D. Cal. July 18, 2017).  Plaintiff alleged that prison staff denied these requests, which worsened the injury.  The court concluded that these allegations were sufficient to state an Eighth Amendment deliberate indifferent claim at the screening stage.  *Id*. at *2.  Plaintiff therefore pleads sufficient facts for her Eighth Amendment deliberate indifference claim against Attinello to proceed past screening.

**B.     Retaliation**

Plaintiff briefly alludes to First Amendment retaliation claims against some defendants. (Doc. 17 at 18.)  To state a retaliation claim, Plaintiff must show that her speech was constitutionally protected, that the defendant's actions would chill an ordinary person from continuing in the constitutionally protected speech, and that the defendant's actions were motivated by the speech.  *Mendocino Env't Center v. Mendocino Cnty*., 192 F.3d 1283, 1300–01 (9th Cir. 1999).

Plaintiff alleges that when Attinello learned that Plaintiff had spoken to another doctor, Attinello retaliated against that speech by confiscating Plaintiff's wheelchair.  Though this allegation is serious and may speak to the deliberate indifference claims against Attinello, Plaintiff's consultation with another physician does not constitute constitutionally protected

5

speech for the purposes of a First Amendment retaliation claim.  *Bumpus v. Nangalama*, No. 2:12-CV-1102-TLN-DBP, 2018 WL 4063506, at *19 (E.D. Cal. Aug. 27, 2018), *findings and recommendations adopted*, Doc. 85 (E.D. Cal. Oct. 23, 2018) (holding that an inmate's complaint to family regarding his medical care does not qualify as protected speech).

To the extent that Plaintiff alleges retaliation for the many appeals that she filed regarding this matter, (Doc. 17 at 2–6), Plaintiff has failed to allege facts to support that she suffered retaliation based on her appeals.  Because the magistrate judge instructed Plaintiff about the required elements of a retaliation claim when her first amended complaint was dismissed for failure to state a claim, (Doc. 15), Plaintiff will not be given additional leave to amend.  Plaintiff's First Amendment retaliation claims are therefore dismissed with prejudice. Accordingly,

1. The findings and recommendations on October 25, 2021, are ADOPTED IN PART.
2. Plaintiff's deliberate indifference claims against all Defendants **except** Defendant Attinello are DISMISSED WITH PREJUDICE for Plaintiff's failure to state a claim upon which relief may be granted under § 1983.
3. Plaintiff's First Amendment retaliation claims are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted under § 1983; and
4. The case is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **February 3, 2022**

UNITED STATES DISTRICT JUDGE

6