UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIGI FAIRCHILD-LITTLEFIELD, | **1:19-cv-01579-JLT-GSA-PC** |
| Plaintiff, | |
| | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 33.)** |
| vs. | |
| ATINELLO, et al., | |
| Defendants. | |

Plaintiff is a prisoner proceeding *pro se* and in *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 2, 2022, plaintiff filed a motion seeking the appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate her claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel to assist her in this litigation. This is not an exceptional circumstance under the law. While the court has found that "[w]ith respect to Nurse Practitioner Attinello, Plaintiff sufficiently alleges deliberate indifference," this finding is not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 23 at 3:11-12.) Plaintiff's medical claims are not complex, and based on a review of the record in this case, Plaintiff can adequately articulate her claims and respond to court orders. Thus, the court does not find the required exceptional circumstances, and plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel, filed on August 2, 2022, is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   __**September 22, 2022**__            _____**/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE