UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIGI FAIRCHILD-LITTLEFIELD,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ATTINELLO, et al.,<br><br>　　　　　Defendants. | **1:19-cv-01579-JLT-GSA-PC**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 36.)**<br><br>**ORDER EXTENDING DISCOVERY AND DISPOSIVE MOTIONS DEADLINE FOR ALL PARTIES**<br><br><u>**New Discovery Deadline**</u>**:**<br>**March 21, 2023**<br><br><u>**New Dispositive Motions Filing Deadline**</u>**:**<br>**May 22, 2023** |

**I.　　BACKGROUND**

　　Plaintiff is a prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with the Second Amended Complaint against Defendant Valerie Attinello for failure to provide adequate medical treatment in violation of the Eighth Amendment. (ECF No. 17.)[1]

　　On July 21, 2022, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a Discovery Deadline of January 21, 2023 and a Dispositive Motions Filing Deadline of March 21, 2023.  (ECF No. 31.)  On January 19, 2023, Plaintiff filed a motion to modify the Scheduling Order.  (ECF No. 36.)  Defendant has not opposed the motion.

**II.　　MOTION TO MODIFY SCHEDULING ORDER**

　　Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations,</u>

---

[1] On February 3, 2022, the Court issued an order for this case to proceed only with Plaintiff's medical claim against defendant Valerie Attinello, and dismissing all other claims and defendants.  (ECF No. 23.)

Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The Court finds good cause to extend the discovery deadline to **March 21, 2023** and dispositive motions deadline to **May 22, 2023**, for all parties. Therefore, the motion to modify the Scheduling Order filed by Plaintiff on January 19, 2023 shall be granted.

## III.  CONCLUSION

Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the Court's Scheduling Order, filed on January 19, 2023, is GRANTED;
2. The discovery deadline is extended from January 21, 2023 to **March 21, 2023** for all parties to this action;
3. The dispositive motions filing deadline is extended from March 21, 2023 to **May 22, 2023** for all parties to this action; and
4. All other provisions of the court's July 22, 2022 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **February 21, 2023**              /s/ Gary S. Austin
                                  UNITED STATES MAGISTRATE JUDGE