UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIGI FAIRCHILD-LITTLEFIELD,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ATTINELLO, et al.,<br><br>　　　　　Defendants. | 1:19-cv-01579-JLT-GSA-PC<br><br>**ORDER DENYING AS MOOT DEFENDANT ATTINELLO'S EX PARTE APPLICATION FOR EXTENSION OF TIME**<br>**(ECF No. 42.)** |

**I.　BACKGROUND**

Plaintiff is a prisoner proceeding *pro se* and in *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with the Second Amended Complaint filed on November 23, 2020 against Defendant Valerie Attinello ("Defendant") for denial of adequate medical care in violation of the Eighth Amendment.[1] (ECF No. 17.) On February 23, 2023, Defendant filed An ex parte application for extension of time. (ECF No. 42.)

**II.　DEFENDANT'S APPLICATION FOR EXTENSION OF TIME**

Defendant Attinello requests an extension of time in which to file an opposition to Plaintiff's filings of February 8, 2023 (ECF Nos. 37, 38, 39), to the extent the filings may be liberally construed as a Motion for Summary Judgment under Fed. R. Civ. P. 56. Defendant

---

[1] On February 3, 2022, the Court dismissed all other claims and Defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 23.)

asserts that Plaintiff appears to request that the parties to this case engage in settlement negotiations in response to the Court's order issued on February 22, 2023. Defendant reports that the Court also modified the Scheduling Order extending the discovery deadline to March 21, 2023, and the dispositive motion deadline to May 22, 2023, but the Court did not indicate whether Plaintiff's filings were also construed as a dispositive motion brought under Fed. R. Civ. P. 56, or whether a response by Defendant would be required. If Plaintiff's February 8, 2023 filings may be liberally construed as a Motion for Summary Judgment, Defendant's response is due by March 1, 2023. If that is the case, Defendant seeks an extension of time until May 22, 2023 to respond to the Motion for Summary Judgment.

To the extent that Plaintiff's filings are liberally construed as a dispositive motion, Plaintiff objects to the motion as procedurally and substantively deficient because it lacks any assertions of fact properly supported by evidentiary materials, in violation of Local Rule 260(a).

### III.   DISCUSSION

The Court has reviewed Plaintiff's filings of February 8, 2023 (ECF Nos. 37, 38, 39) and shall not liberally construe them as a Motion for Summary Judgment. Plaintiff filed three documents on February 8, 2023: (1) "Plaintiff's (proposed) Dispositive Motion," in which Plaintiff proposes that the parties to this case participate in settlement negotiations (ECF No. 37); (2) "Plaintiff's (proposed) Memorandum of Contentions, of Facts, and Law," in which Plaintiff states her allegations that Defendant failed to provide her with adequate medical care and cites law in support (ECF No. 38); and, (3) "Plaintiff's (proposed) Witness List" for trial (ECF No. 39). ECF No 37 simply requests the parties to engage in settlement negotiations. ECF No's 38 and 39 clearly appear to the court to be offered for purposes of trial should the case not resolve earlier by settlement. To the extent Plaintiff has attempted to file a dispositive motion, she has not succeeded. Therefore, Defendant's application for extension of time to file a response to Plaintiff's February 8, 2023 filings shall be denied as moot.

### IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Attinello's ex-parte application for extension of time, filed on February 23, 2023, is DENIED as moot;
2. The Court shall not construe any part of Plaintiff's three filings of February 8, 2023 as a Motion for Summary Judgment or any other dispositive motion for which Defendant is required to respond;
3. Defendant is not required to file a response to Plaintiff's February 8, 2023 filings; and,
4. If Plaintiff hereafter seeks to file a dispositive motion Plaintiff should clearly indicate that intention and clearly set forth the name of the intended motion.

IT IS SO ORDERED.

Dated:  **March 9, 2023**                    **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE