# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIGI FAIRCHILD-LITTLEFIELD,<br><br>    Plaintiff,<br><br> vs.<br><br>ATTINELLO, et al.,<br><br>    Defendants. | 1:19-cv-01579-JLT-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SCHEDULE JURY TRIAL AND FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 47.)** |

## I. BACKGROUND

Gigi Fairchild-Littlefield ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Second Amended Complaint filed on November 23, 2020, against defendant Valerie Attinello for inadequate medical care. (ECF No. 17.) Plaintiff's motion for summary judgment filed on March 29, 2023, and Defendant's motion for summary judgment filed on May 22, 2023, are pending. (ECF Nos. 46, 51.)

On March 29, 2023, Plaintiff filed a motion for the Court to schedule a jury trial in this case and to appoint counsel for her. (ECF No. 47.)

## II. MOTION TO SCHEDULE JURY TRIAL

Plaintiff requests the Court to schedule a jury trial in this case. Plaintiff's request is premature. It is not time for trial in this case because the parties' respective motions for summary judgment are pending. If needed, the Court shall schedule a jury trial after the motions for summary judgment have been resolved. Therefore, Plaintiff's motion for jury trial filed on March 29, 2023, shall be denied as premature.

## III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. It is true that on February 3, 2022, the Court found that Plaintiff's allegations in the Second Amended Complaint "were sufficient to state an Eighth Amendment deliberate indifferent claim at the screening stage." (ECF No. 23 at 5:14-15.) However, this finding is not a determination that Plaintiff is likely to succeed on the merits. Plaintiff's medical claims are not complex, and based on a review of the record in this case Plaintiff can adequately articulate her claims and respond to court orders. Thus, the court does not find the required exceptional circumstances and therefore Plaintiff's motion for appointment of counsel shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel shall be denied, without prejudice.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for the Court to schedule a jury trial in this case, filed on March 29, 2023, is DENIED as premature; and
2. Plaintiff's motion for appointment of counsel, filed in the same March 29, 2023 motion referenced above, is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **June 2, 2023**         **/s/ Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE