UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIGI FAIRCHILD-LITTLEFIELD, A.K.A. ARABELLA FAIRCHILD, A.K.A. GIGI ARIEL FAIRCHILD-LITTLEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>VALERIE ATTINELLO, N.P., et al.,<br><br>Defendants. | No. 1:19-cv-01579 JLT GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN AWARD OF PUNITIVE DAMAGES<br><br>(ECF No. 48)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EX PARTE FILINGS BY DEFENDANTS AND COURT ORDERS<br><br>(ECF No. 53) |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff has paid the filing fee. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. It is at the dispositive motion stage of the proceedings. See ECF Nos. 46, 51 (Defendant's and Plaintiff's motions for summary judgment, respectively).

Plaintiff has filed: (1) a motion for the award of punitive damages, and (2) a motion for ex parte defendant filings and court orders. ECF Nos. 48, 53. For the reasons stated below, the motions will be denied.

1

I. MOTION FOR PUNITIVE DAMAGES

Plaintiff's motion for the award of punitive damages may be untimely. See, Hoffman v Lassen Adult Det. Facility, 2017 US Dist Lexis 90083. A cursory review of Plaintiff's operative second amended complaint does not indicate that Plaintiff requested punitive damages at the time the pleading was filed. See generally ECF No. 17 at 19 (second amended complaint request for relief). Additionally, a request for punitive damages may only be awarded at trial, and not from a motion made prior to trial. In any event, because the Court has yet to rule on the pending motions for summary judgment, consideration of Plaintiff's request for punitive damages is premature. For these reasons, the motion will be denied.

II. MOTION FOR DEFENDANT FILINGS AND COURT ORDERS

In Plaintiff's motion for copies of Defendant's ex parte filings and for court orders, she asks the Court to send her a copy of the ex parte filing Defendant filed on April 13, 2023. See ECF No. 53 at 1; ECF No. 49. She states that she is unaware whether the motion was granted. Plaintiff also asks the Court to send her copies of "[her] ex parte defendant filings" before that date and any other court orders after it. See id. at 1-2 (brackets added).

Plaintiff is informed that the ex parte motion Defendant filed on April 13, 2023, requested an extension of time to file an opposition to both Plaintiff's motion for summary judgment and her motion for the award of punitive damages. See ECF No. 49 at 2. Thereafter, Defendant filed the responsive pleading on May 22, 2023 (ECF No. 50), and the proof of service attached to it indicates that Plaintiff was served with it (see ECF No. 50-5). In June 2023, Defendant's motion was granted after the fact (see ECF No. 54). In addition, as a matter of practice, all orders issued by the Court are served on all parties.

Given that it appears Plaintiff has already been served with the documents she now requests, her motion for copies will be denied. Plaintiff is informed that the Clerk of Court does not ordinarily provide free copies of case documents to parties. Instead, a charge of $0.50 per page for copies of documents is incurred. Copies of a document up to twenty-five pages may be made by the Clerk's Office at this Court upon written request and prepayment of the copy fees. See generally 28 U.S.C. § 1914(b).

2

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for punitive damages (ECF No. 48) is DENIED, and
2. Plaintiff's motion for copies of ex parte filings by Defendant and court orders (ECF No. 53) is DENIED.

IT IS SO ORDERED.

Dated: __March 8, 2024__         _____/s/ Gary S. Austin_____
                                          UNITED STATES MAGISTRATE JUDGE